UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. 5:08-166-KKC |
| Plaintiff, | |
| V. | OPINION AND ORDER |
| LEROY JAMES TEACHEY, III, | |
| Defendant. | |

*** *** ***

This matter is before the Court on Defendant Leroy James Teachey's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (DE 516). On October 1, 2009, Teachey pleaded guilty to conspiracy to distribute oxycodone and money laundering. (DE 321). On June 8, 2010, the Court sentenced Teachey to a total term of 240 months of incarceration, to be followed by six years of supervised release. (DE 433, 440). He is currently incarcerated at the Federal Correctional Institution (FCI) – Ashland in Ashland, Kentucky. He has filed a motion seeking immediate release on grounds that he is a 70-year old man, currently suffering from medical conditions whose effects may be exacerbated by COVID-19. (DE 516). The Court ordered the government to respond to the motion, and the government has responded in opposition to the merits. (DE 517, 518). For the reasons below, the defendant's motion is **DENIED**.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the court could not grant a motion for compassionate release unless the motion was filed by the director of

1

the BOP. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). If the defendant himself filed such a motion, the court could not grant it. The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The United States contends that the latter has occurred, and thus, this exhaustion requirement has been met.

Unfortunately, in this instance, the defendant does not articulate any extraordinary and compelling reasons that warrant his release. The compassionate release statute permits this Court to "reduce the term of imprisonment" and also "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). But under the applicable provision of § 3582(c)(1)(A), the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i). While the statute does not define "extraordinary and compelling[,]" the policy statement by the Sentencing Commission applicable to § 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence, including the defendant's medical condition and the age of the defendant.

A medical condition may qualify as an extraordinary and compelling reason where the defendant is suffering from a "terminal illness" or a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he … is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. The statement defines terminal illness as

a "serious and advanced illness with an end of life trajectory … Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id*. The age of the defendant may be an extraordinary and compelling reason where the defendant is over 65 years old, experiencing serious deterioration in physical or mental health because of the aging process, and has served at least ten years or 75 percent of his term of imprisonment, whichever is less. *Id*.

Here, while Teachey contends that he suffers from Rheumatoid arthritis, hypertension, diabetes and prostate cancer, he does not assert that he is terminally ill or that he is suffering from a serious physical or mental impairment which substantially diminishes his ability "to provide self-care within the environment of a correctional facility and from which he … is not expected to recover." Currently, the Court is unaware of whether Teachey is undergoing any treatment plans for these conditions; nor is the Court aware of the gravity of these conditions. Additionally, although Teachey is over 65 years old, he has not served ten years or 75 percent of his term of imprisonment. It thus appears that Teachey asserts that "other reasons" support his release.

The Sentencing Commission's policy statement applicable to § 3582(c)(1)(A) contains a catchall provision, providing that undefined "other reasons" may exist that constitute extraordinary and compelling reasons to modify a sentence. Such reasons, however, are to be "determined by the Director of the Bureau of Prisons." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. Thus, this Court has no authority to find "other reasons" that may justify a sentence reduction beyond those delineated in the policy statement.

Since the passage of the First Step Act, the Sentencing Guidelines have not been amended. Because of this, some courts have determined that the policy statement is inapplicable, at least to the extent that it provides that only the BOP director can find "other

3

reasons" justifying a sentence reduction. *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *3 (D. Utah Feb. 18, 2020) (citing cases). These courts have concluded that finding the BOP still has the sole authority to determine whether "other reasons" justify a reduction is inconsistent with the First Step Act, whose purpose was "to … increase the use of compassionate release and … allow[] courts to grant such motions even when BOP finds they are not appropriate." *Id*. at *2 (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019)). For example, in *United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019), the court noted that, by its plain language, § 3582(c)(1)(A) (as amended) requires that any sentence reduction by a court be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*. The Court finds this persuasive.

Furthermore, finding that the BOP still has sole authority to determine the "other reasons" that justify a sentence reduction is not inconsistent with the First Step Act's goal of increasing the use of compassionate release. The Act achieves this goal simply by granting defendants the ability to move for compassionate release on their own. This change alone "ensures that a greater volume of [compassionate release] motions (not just those BOP agrees are meritorious) will be presented to the courts." *Id*. Many defendants' motions for compassionate release will invoke the specific provisions of the policy statement rather than the catchall provision. *Id*. "There is thus no tension between a legislative purpose to 'increase[e] the use' of compassionate release and a policy statement providing for BOP to make the determination as to one kind (out of five) of extraordinary and compelling reasons for such release." *Id*.

Congress has specifically directed that the Sentencing Commission, not the courts, promulgate "general policy statements regarding … the sentencing modification provisions" in § 3582(c). 28 U.S.C. § 994(a)(2)(C). Further, Congress has specifically directed that, in

4

the policy statement for § 3582(c)(1)(A), it is the Commission that "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *Id.* § 994(a)(2)(t). The Court agrees with the conclusion in *Lynn* that, "[i]f the policy statement needs tweaking in light of [the First Step Act], that tweaking must be accomplished by the Commission, not by the courts." *Id.* at 4. "The Commission may well decide that, since BOP is no longer the gatekeeper regarding the filing of motions for compassionate release, neither should it be the gatekeeper regarding the residual category of extraordinary and compelling reasons for compassionate release" *Id.* "Until that day, however, the Court must follow the policy statement as it stands." *Id.* While these are unsettling times for prisoners, the Court has no authority at this point to grant Teachey's immediate release.

For the reasons outlined above, the Court **HEREBY ORDERS** that the defendant's motion for compassionate release (DE 516) is **DENIED**.

Dated September 10, 2020.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY