UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA <br> Plaintiff, <br><br> v. <br><br> LEROY JAMES TEACHEY, III <br> Defendant. | CASE NO. 5:08-CR-166-KKC-1 <br><br> **OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Defendant Leroy James Teachey's motion for early termination of supervised release. (R. 549.)

## I. BACKGROUND

On October 1, 2009, Teachey pled guilty to a controlled substances offense and to money laundering. (R. 321.) The Court sentenced Teachey to 240 months imprisonment and six years of supervised release. (R. 435.) Teachey filed several motions related to vacating his sentence or otherwise amending the Court's judgment. (*See* R. 450, 492, 513, 508, 516, 534.) They were all denied. (*See* R. 493, 512, 522, 535, 542.)

Teachey began serving his term of supervised release on July 30, 2024. His terms and conditions were modified upon the request of the USPO recommendation to secure mental health treatment pending an evaluation with the VA medical center. (R. 546.) On October 6, 2025, Teachey filed a motion for early termination of supervised release. (R. 549.) The Government responded in opposition. (R. 551.)

1

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e)(1), the sentencing court may consider termination of a period of supervised release any time after the expiration of one year of supervised release. The court may do so only after considering certain sentencing factors set forth at 18 U.S.C. § 3553(a), and only if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id*. Some § 3553(a) factors may be more relevant than others, and the law does not require district courts to provide "ritualistic one-by-one incantation of each factor." *United States v. Coleman*, 835 F.3d 606, 616 (6th Cir. 2016). The district court need only "set forth enough to satisfy" the court of appeals that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision making authority." *United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. 2020) (citations omitted).

The relevant sentencing factors at § 3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and

>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for—
>
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .
>
> (5) any pertinent policy statement . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

Teachey asks the court to terminate his supervised release because "(1) this court now have [sic] great discretion to do so (2) 'Elimination of Automatic Imposition' where Courts are no longer directed to automatically Impose [sic] a term of supervised release for certain Offenses. [sic] (3) At the end of November, 2025 [Teachey] will be (76) years old[.]" (549.)

Considering the relevant factors under 18 U.S.C. § 3553(a), the Court believes that the interest of justice is best served by keeping Teachey on six years of supervised release. The Court recognizes Teachey's advanced age, but this fact does not dispel his extensive criminal history, which includes multiple violent and drug related crimes. Teachey was the leader of an extensive drug trafficking organization that distributed large quantities of oxycodone, methadone, and hydrocodone. He

3

directed a physician's employee to complete and distribute stolen blank prescriptions. Teachey was on state probation at the time of the instant offenses. The sentence imposed is needed to reflect the seriousness of his crimes and to promote respect for the law. While Teachey has avoided discipline while on supervised release, he has not demonstrated the kind of behavior that would persuade this Court to grant early termination. Continued supervised release will likely benefit Teachey because the probation office can assist Teachey in acquiring health services and mental health treatment.

### III. CONCLUSION

After considering the relevant 18 U.S.C. § 3553(a) factors and the interest of justice, the Court hereby **ORDERS** that the Defendant's motion for early termination of supervised release (R. 549) is **DENIED**.

This 10th day of November, 2025.

Signed By:
*Karen K. Caldwell*
United States District Judge